IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN DALE SHEFFIELD, § <br>     Petitioner, § <br> § <br> v. § <br> § <br> THE STATE OF TEXAS, § <br>     Respondent. § | No. 3:20-cv-1020-E (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Kevin Dale Sheffield, a pretrial detainee, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. For the following reasons, the Court should construe the petition as a petition filed under 28 U.S.C. § 2241 and dismiss it for failure to exhaust state remedies.

I.

Sheffield is presently confined in the Johnson County Jail awaiting trial on state criminal indictments charging him with possession with intent to deliver a controlled substance, evading arrest or detention, and unlawful possession of a firearm by a felon. *State v. Sheffield,* No. DCF201900865 (413th Jud. Dist. Ct., Johnson Cty, Tex.). His trial is set for January 4, 2021.[1]

In his petition, Sheffield argues his confinement is unlawful due to constitutional violations stemming from a warrantless arrest, illegal search and

---

[1] The docket sheet for Sheffield's case can be accessed at https://pa.johnsoncountytx.org/PublicAccess/search.aspx?ID=100 (last accessed August 18, 2020).

seizure, unreasonable detention, and denial of an examining trial. This is at least the third time Sheffield has challenged his confinement on these grounds. He raised the same claims in *Sheffield v. State of Texas*, No. 3:19-cv-2399-D (BK) (N.D. Tex. dismissed Feb. 11, 2020) and *Sheffield v. State of Texas*, No. 3:20-cv-550-B (BH) (N.D. Tex. dismissed Apr. 7, 2020). Both of his earlier petitions were dismissed for failure to exhaust state remedies.

II.

Sheffield filed his petition under § 2254. A § 2254 petition, however, applies to petitions brought on "behalf of a person in custody pursuant to the judgment of a State court." *See* 28 U.S.C. § 2254(a). Sheffield does not allege that he is in custody pursuant to a state court judgment; instead, he is a pretrial detainee.

A pretrial detainee's suit brought to challenge his incarceration is properly brought under 28 U.S.C. § 2241, which applies to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542-43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This requires that the factual and legal basis of all claims be submitted to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted). Exceptions exist only "where the available . . . remedies are unavailable or wholly inappropriate to the

relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure in the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. Art. 11.08 (West 2020). If the trial court denies habeas relief under Article 11.08, the applicant can first appeal directly to an intermediate appellate court and subsequently petition for discretionary review with the Texas Court of Criminal Appeals. *See Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981)).

Here, Sheffield states he cannot exhaust his state remedies because the trial court denied him the right to file a state habeas petition and would not provide him the paperwork to file a habeas petition. However, the docket sheet for Sheffield's case shows that on June 30, 2020, the trial court denied his petition for writ of habeas corpus. To exhaust his state remedies, Sheffield must appeal the trial court's denial of his petition. To the extent any forms are needed to appeal, Sheffield has not alleged that he contacted the appellate court for forms. Sheffield has failed to establish that exhaustion is futile in this case. His petition should therefore be dismissed.

III.

For the foregoing reasons, the Court should construe Sheffield's petition as a petition filed under 28 U.S.C. § 2241 and dismiss the petition without prejudice for failure exhaust state remedies.

Signed August 19, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).